UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>TOUR DES FINANCES NV GVBF<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 1:26-mc-213 |

**DECLARATION OF ZACHARY GERBER**

I, Zachary Gerber, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Director, Compliance, at PIMCO Prime Real Estate LLC ("PPRE US"). I have held this position since October, 2022.

2. I submit this declaration in opposition to Tour des Finances NV GVBF's ("TDF") application to this Court, made *ex parte* pursuant to 28 U.S.C. § 1782 (*see generally* ECF No. 5), seeking entry of an order that would authorize the issuance of a subpoena (*see* ECF No. 7-1, the "Subpoena"). I make this declaration based upon my personal knowledge and my review of PPRE US's business records.

3. The Subpoena purports to require PPRE US to turn over documents relating to, *inter alia*, the Finance Tower located in Brussels, Belgium (which is owned by TDF) (the "Property"), appraisals of the Property, and a Facilities Agreement and an Amended Facilities Agreement pursuant to which TDF obtained financing that facilitated TDF's purchase of the same. (*See* ECF No. 7-1 at 11-13 (Requests Nos. 1-6)).

4. PPRE US is a Delaware-organized limited liability company with offices at 1633 Broadway, New York, NY, United States, 10019. PPRE US has no operations outside the United

States of America.

5. PPRE US is not a party to the Amended Facilities Agreement nor has it, to the best of my knowledge, been involved in procuring or otherwise assessing the appraisals of the Property that are mentioned in TDF's application. Instead, as TDF's own application makes clear, one of PPRE US's affiliates—PIMCO Prime Real Estate GmbH ("GMBH")—is the investment advisor for "various lenders from the Allianz group" that provided capital pursuant to the Amended Facilities Agreement. (ECF No. 5 at 1).[1]

6. In my role as Director at PPRE US, I am familiar with PPRE US's records-management, document-retention, email, and data-storage practices, including the systems and procedures by which PPRE US stores and accesses its business records and communications.

7. My familiarity is based on my responsibilities relating to compliance oversight, my regular work with PPRE US personnel and systems used to maintain business records, and my knowledge of PPRE US policies and practices concerning the storage, retention, and access of electronic documents and emails.

8. As part of my responsibilities, I understand which PPRE US systems house PPRE US documents and emails, the locations of those systems, and whether PPRE US personnel have access to systems used by PPRE US's corporate affiliates (such as GMBH).

9. PPRE US's document-management and email systems are configured for use by PPRE US personnel in connection with PPRE US business.

10. PPRE US maintains its business records, including emails and other electronic documents created or received by PPRE US personnel in the ordinary course of PPRE US's

[1] TDF's memorandum of law claims that PPRE and GMBH are "encompassed within" a separate "entity" called "PIMCO PRE." (ECF No. 5 at 13). I am unaware of any entity called "PIMCO PRE."

business, on systems and servers located in the United States or on Microsoft's geo-segregated cloud infrastructure. To my knowledge, PPRE US does not maintain its ordinary-course business records outside of the United States.

11. GMBH is a German *Gesellschaft mit beschränkter Haftung* whose principal offices are located at 24-24a Seidlstrasse, Munich, 80335, Germany. To the best of my knowledge, GMBH has no business operations in the United States.

12. Although PPRE US and GMBH are affiliated entities, they are separate companies, *e.g.*, PPRE US and GMBH maintain separate operations, separate document repositories, and separate email systems. PPRE US employees also utilize a different email domain (@pimcoprime.com) than employees at GMBH (@pimcopre.com).

13. I have been informed that GMBH stores its electronic business records and email communications on servers located in Europe (the "EU Servers"). PPRE US personnel are not granted unrestricted access to GMBH's email or document repositories for documents concerning GMBH's business, which are housed on the EU Servers. PPRE US has no contractual relationship with the service providers that host GMBH data on the EU Servers and has no existing authorization or credentials that would provide it with unrestricted access to the EU Servers.

14. Upon my receipt of the instant application and the Subpoena, I contacted GMBH's Data Protection Officer, and asked whether GMBH could or would share its emails or business records relating to, *inter alia,* the Amended Facilities Agreement or the Property with PPRE US. I was informed that GMBH could not do so at this time for several reasons, including because: (i) if the documents requested existed, they likely contained data that is subject to the European Union's General Data Protection Regulation ("GDPR"), which restricts the distribution of certain business records; (ii) there are likely other restrictions on the dissemination of such records which

would need to be identified and then evaluated; and (iii) there is no contractual requirement that would obligate GMBH to turn over documents at the request of PPRE US.

15. I separately note that TDF has claimed that both PPRE US and GMBH have both adopted the Allianz Binding Corporate Rules, or "BCRs." While that is true, it does not mean that PPRE US has the ability to access GMBH's documents or information and, during my discussion with GMBH's Data Protection Officer, he advised me that the BCRs provide no legal basis to release personal information protected by the GDPR.

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 11, 2026

Zachary Gerber

Zachary Gerber