HERBERT SMITH FREEHILLS
KRAMER (US) LLP
Peter J. Behmke
Michael P. Jones
1177 Avenue of the Americas
New York, New York 10036
Tel: (917) 542-7810
Fax: (917) 542-7601
Email: Peter.Behmke@hsfkramer.com
Michael.Jones@hsfkramer.com

*Attorneys for Respondent*
*PIMCO Prime Real Estate LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>TOUR DES FINANCES NV GVBF<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 1:26-mc-213 |

**MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER TOUR DES FINANCES NV GVBF'S EMERGENCY *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

STATEMENT OF ASSUMED FACTS .......... 2

I. TDF Files the High Court Proceedings and the High Court Refuses to Enter a Disclosure Schedule .......... 2

II. TDF Seeks Discovery from PPRE US .......... 3

ARGUMENT .......... 4

I. TDF Fails to Show that PPRE US Has Possession, Custody, or Control over the Documents it Seeks .......... 4

II. The Discovery Sought by TDF Is More Properly Sought from GMBH .......... 6

III. The Timing Requested by TDF is Unreasonable .......... 7

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Banoka S.a.r.l. v. Elliott Mgmt. Corp.*,
148 F.4th 54 (2d Cir. 2025) .......... 6, 7

*In re Boustany*,
2024 WL 473569 (S.D.N.Y. Feb. 7, 2024) .......... 5, 7

*In re Liverpool Ltd. P'ship*,
2021 WL 5605044 (S.D.N.Y. Nov. 24, 2021) .......... 5

*In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*,
2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010) .......... 7

*Kiobel v. Cravath, Swaine & Moore LLP*,
895 F.3d 238 (2d Cir. 2018) .......... 7

**Statutes**

28 U.S.C. § 1782 .......... *Passim*

**Rules**

Fed. R. Civ. P. 45 .......... 7

Respondent PIMCO Prime Real Estate LLC ("PPRE US"), by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to Petitioner Tour des Finances NV GVBF's ("TDF") application to this Court, made *ex parte* pursuant to 28 U.S.C. § 1782 (*see generally* ECF No. 5), seeking entry of an order that would authorize the issuance of a subpoena (*see* ECF No. 7-1, the "Subpoena") and respectfully states as follows.

## PRELIMINARY STATEMENT

This application arises from litigation currently pending in the High Court of Justice in the United Kingdom (the "High Court"), in which TDF alleges that CBRE Loan Services Limited ("CBRE") improperly procured an intentionally depressed valuation of an office building that TDF owns in Belgium, Brussels (the "Property"). According to TDF, that valuation has caused it to default under loan agreements that it used to finance its acquisition of the Property and, in turn, restricted its ability to distribute rental income from the Property to itself.

PPRE US has nothing to do with that dispute. It did not make any loan to TDF, nor has it had any role or involvement in the appraisals that are at issue. Instead, its only connection to the dispute is that one of its corporate affiliates—the German company PIMCO Prime Real Estate GmbH ("GMBH")—was an investment management company that advised certain of TDF's lenders.

Nevertheless, TDF has started these proceedings to obtain from PPRE US documents that belong to GMBH. TDF's application should be denied for at least three reasons.

*First*, TDF has failed to meet its burden to demonstrate that PPRE US has possession, custody, or control over the requested documents, which are stored in Europe, under the control of GMBH. That is a *prima facie* failure that requires denying the application.

*Second*, even if PPRE US could obtain the requested documents from its affiliate in Europe, it would be unduly burdensome to do so. The accompanying Declaration of Zachary Gerber (the

"Gerber Decl.") makes clear that PPRE US does not possess the requested documents, PPRE US cannot access and has not accessed those documents as part of its ordinary business operations, and GMBH has already informed PPRE US that it cannot provide those documents without (among other things) conducting an exhaustive review and analysis of those documents for compliance with European data protection laws. The Second Circuit has made clear that in such circumstances, an application under section 1782 should be denied.

*Third*, the Subpoena improperly demands a response within just seven days. That violates the general rule that a Subpoena must provide—at least—fourteen days for compliance. And there is no basis for departing from that general rule, since as far as PPRE US knows, no disclosure schedule or trial date has even been set in the High Court Proceeding.

In short, TDF asks this Court to order burdensome and premature discovery from the wrong entity, on the wrong timetable, in aid of a foreign proceeding where the disclosure framework is still unsettled. TDF's application should be denied.

## BACKGROUND[1]

### I. TDF Files the High Court Proceedings and the High Court Refuses to Enter a Disclosure Schedule

On January 7, 2020, CBRE and a series of lenders entered into a facilities agreement, pursuant to which the lenders made a loan to TDF. (ECF No. 6 ¶¶ 9, 11). TDF used that loan to finance "part of the purchase price for" its purchase of, *inter alia*, the "Finance Tower," an office building at 50 Avenue du Jardin Botanique, 1000 Brussels, Belgium. (*Id.* ¶¶ 7, 9).

On April 16, 2026, TDF commenced the High Court Proceedings against CBRE, alleging that CBRE "improperly interfered with the process for obtaining an appraisal of the" Finance

1 Given the expedited nature of TDF's petition, PPRE has not had a full opportunity to investigate the facts alleged by TDF. However, in order to respond and solely for purposes of this motion, PPRE will generally assume that the facts set forth here—taken from the Memorandum

Tower. (ECF No. 6 ¶¶ 12, 25). Neither PPRE US nor GMBH are party to the High Court Proceedings. (*See id.* ¶ 25).

Three days later, TDF filed applications in the High Court seeking, *inter alia*, expedition of the High Court Proceedings. (ECF No. 6 ¶ 26). On April 29 and May 8, 2026, the High Court heard arguments behind closed doors on these applications. (*Id.* ¶ 32). However, the High Court has not ruled on those applications. (*Id.* ¶ 34). As such, it is unclear whether the High Court Proceeding will proceed on an expedited schedule. (*See id.* ¶ 37 ("***[I]f*** expedition is not granted . . . ***there is a risk*** that Petitioner and its group suffer irreparable harm ***in the event*** that [its parent] commences [related] rehabilitation proceedings." (emphasis added)).

## II. <u>TDF Seeks Discovery from PPRE US</u>

On May 7, 2026, TDF filed the instant application, seeking an order pursuant to 28 U.S.C. § 1782 to take discovery from PPRE US. TDF does not, however, seek any documents concerning any of PPRE US's business. Instead, TDF seeks documents concerning GMBH and CBRE's alleged "improper interference with the appraisal process in 2025 and early 2026." (ECF No. 6 ¶ 39; *see also* ECF No. 5 at 7 ("Petitioner seeks documents and communications from Respondent related to ***GMBH's*** participation in" the alleged interference with appraisals. (emphasis added)). Separately, TDF seeks to take the 30(b)(6) deposition of PPRE US about its "process of identifying, reviewing, preserving, sharing and producing such documents." (ECF No. 5 at 7). TDF demands that PPRE US respond to its discovery "within seven (7) days of service." (ECF No. 4 ¶ 4).

---

of Law in Support of Emergency *Ex Parte* Application for an Order to Show Cause Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (ECF No. 5) and the Declaration of Michael Jacobs (ECF No. 6)—are true.

TDF justifies its efforts to take discovery from PPRE US on its conclusory and baseless allegation that GMBH and PPRE US are "closely related." (*See* ECF No. 5 at 8–9). Yet aside from the undisputed fact that GMBH and PPRE US are corporate affiliates that have adopted the Allianz Binding Corporate Rules, there is no basis for that conclusion. (Gerber Decl. ¶ 15).[2] GMBH and PPRE US are different companies, located in different continents. (Gerber Decl. ¶¶ 4, 11). As a result, PPRE US and GMBH maintain separate operations, document repositories, and email systems. (*Id.* ¶ 12). PPRE US uses a different email domain (@pimcoprime) than GMBH (@pimcopre). (*Id.*). PPRE US personnel do not have unfettered access to GMBH's email or document repositories, nor does PPRE US generally have authorization or credentials to access GMBH's data. (*Id.* ¶ 13). Instead, access to much of GMBH's data is limited by the European Union's General Data Protection Regulation and, prior to any transfer of such information to PPRE, a lengthy review process would be necessary. (*Id.* ¶ 14). PPRE US has no legal authority to direct or control the processing, disclosure, or transfer outside Europe of GMBH's data. (*See id.*).

## ARGUMENT

### I. TDF Fails to Show that PPRE US Has Possession, Custody, or Control over the Documents it Seeks

TDF fails to meet its burden to show that PPRE US has possession, custody, or control over the documents sought by TDF, which all concern GMBH.

"[I]t is [p]etitioner's burden to show that [the requested] documents are in the [respondent's] control." *In re Boustany*, 2024 WL 473569, at *2 (S.D.N.Y. Feb. 7, 2024). Such

[2] TDF's memo also claims that claims that PPRE and GMBH are "encompassed within" a separate "entity" called "PIMCO PRE," (ECF No. 5 at 13), and PPRE and GMBH "share an overlap of senior leadership at the PIMCO PRE level." However, there is no entity such as PIMCO PRE. (*See* Gerber Decl. ¶ 5 n.1).

"control" exists only where the responding party has "the right, authority, or practical ability to obtain the documents." *Id.* (citation omitted). A respondent need not submit evidence that it lacks such "practical ability to obtain the documents" sought. *Id.* (denying application for 28 U.S.C. § 1782 discovery even where the respondents "have done little to persuade the Court that they lack the 'practical ability to obtain the documents' Petitioner seeks"). Instead, the petitioner must show—citing to more than "conjecture" or "marketing materials"—that the respondent has the "practical ability to acquire" the documents it seeks. *Id.*

TDF fails to meet this burden. TDF's entire showing is a single sentence on the last page of its memorandum, in which it hypothesizes that "the PIMCO entities operate within a unified global platform, share overlapping senior management, and participate in a binding intra-group data transfer framework that expressly contemplates cross-border access to information." (ECF No. 5 at 22).

Tellingly, TDF cites no case law indicating that such a statement is sufficient to meet its burden. That is because it is not. In *In re Boustany*, a petitioner sought discovery from US-based J.P. Morgan Chase & Co. companies, even though it acknowledged that a foreign affiliate held the relevant information. 2024 WL 473569, at *1–2. And, just like TDF does here, the petitioner argued that the foreign affiliate's documents could be accessed in the U.S. because of J.P. Morgan Chase & Co. had "substantial international resources," "global operations," and a shared parent company. *Id.* Yet the Court rejected that argument, noting that the statements were purely "conjecture." *Id.* *See also In re Liverpool Ltd. P'ship*, 2021 WL 5605044, at *3 (S.D.N.Y. Nov. 24, 2021) (allegations "that JPMC holds itself 'out to the public as significantly intertwined' with JPMS Securities because JPMC's website states that it 'provides financial services' in Japan

'through JPMorgan Securities Japan Co., Ltd.' and one managing executive serves as an officer at both JPMC and JPMS Japan" insufficient to establish control).

Here, aside from TDF's conjecture, there has been no showing that anyone at PPRE US has access to the GMBH documents that TDF seeks. Therefore, the application should be denied.

## II. <u>The Discovery Sought by TDF Is More Properly Sought from GMBH</u>

Even if TDF had met its burden to show that PPRE US has the practical ability to access GMBH's documents (which it has not), TDF's request should still be denied because the discovery sought is unduly burdensome. *See Banoka S.a.r.l. v. Elliott Mgmt. Corp.*, 148 F.4th 54, 70 (2d Cir. 2025).

Under Second Circuit law, in determining whether a request is "unduly intrusive or burdensome," the Court should look to "the foreign location of the documents and the foreign status of their 'primary custodian.'" *Banoka S.a.r.l.*, 148 F.4th at 70 ("[T]he district court acted within its discretion when it considered the foreign location of the documents and the foreign status of their 'primary custodian' under the fourth Intel factor.") (citation omitted). "[T]o do otherwise would 'effectively collapse[] corporate separations and incentivize[] companies to maintain segregated computer systems.'" *Id.* (citation omitted); *see also* Appendix at A-1166–69, *Banoka S.a.r.l. v. Elliott Mgmt. Corp.*, No. 24-1352 (2d Cir. August 30, 2024) (transcript of district court bench decision noting that allowing 28 U.S.C. § 1782 to be used to access documents from non-US affiliates of US-based entities would (i) "heighten the Court's concerns about forum shopping and attempts to evade foreign proof-gathering restrictions"; (ii) violate the "aims" of 28 U.S.C. § 1782 to allow discovery of US-based documents for use abroad; and (iii) punish companies for maintaining integrated systems).

Here, it would be unduly burdensome for PPRE US to obtain documents from GMBH. The Gerber Declaration makes clear that PPRE US has no legal authority to direct or control the

processing, disclosure, or transfer outside Europe of the requested documents. (*See* Gerber Decl. ¶ 14). Indeed, PPRE US has already asked GMBH whether it could provide the requested documentation to it. (*Id.*). GMBH has indicated that it could not do so without conducting a substantial search, review, and analysis of these documents, including, *inter alia*, for compliance with the GDPR. (*Id.*). The excessive costs that would be involved in such an effort are precisely the sorts of burden that the Second Circuit have held warrant denying a Section 1782 petition. *See Banoka*, 148 F.4th at 70; *see also Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 247–48 (2d Cir. 2018) (recognizing burden of storing documents and servers abroad and the excessive costs that could accompany Section 1782 discovery from foreign affiliates).

## III. <u>The Timing Requested by TDF is Unreasonable</u>

Finally, by seeking to force PPRE US to respond to its discovery "within seven (7) days of service" (ECF No. 4 ¶ 4), TDF fails to afford PPRE US a reasonable time to respond to the Subpoena required by law.

In opposing a 28 U.S.C. § 1782 request, a respondent can assert objections pursuant to the Federal Rules of Civil Procedure. *See In re Boustany*, 2024 WL 473569, at *2 ("[D]ocuments produced pursuant to 28 U.S.C. § 1782 must be 'in accordance with the Federal Rules of Civil Procedure.'"). (*See also* ECF No. 4 ¶ 3. Under Federal Rule of Civil Procedure 45, "the issuing court must quash" a subpoena that "fails to allow a reasonable time to comply." Rule 45(c)(3)(A)(i). "Although Rule 45 does not define "reasonable time," many courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45(c)(2)(B)." *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010), *report and recommendation adopted in part*, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010) (collecting cases).

Here, TDF has demanded that PPRE US produce documents within seven days. Yet it provides no basis for such a demand, relying instead on its self-professed desire to resolve the English litigation by July. Nor is there any indication in the record that the English Court will agree with TDF's request for an expedited timeline, such that any change from Rule 45's default fourteen day minimum timeline should apply.

## CONCLUSION

For the foregoing reasons, the Court should deny TDF's application.

Dated: New York, New York
May 12, 2026

Respectfully submitted,

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

By: /s/ *Peter J. Behmke*
Peter J. Behmke
Michael P. Jones
1177 Avenue of the Americas
New York, New York 10036
Tel: (917) 542-7810
Fax: (917) 542-7601
Email: Peter.Behmke@hsfkramer.com
Michael.Jones@hsfkramer.com

*Attorneys for Respondent*
*PIMCO Prime Real Estate LLC*

**ATTORNEY CERTIFICATION OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1**

Pursuant to Local Civil Rule 7.1(c), I hereby certify that the preceding Memorandum of Law in Opposition to Petitioner Tour Des Finances NV GVBF's Emergency *Ex Parte* Application for an Order to Show Cause Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (the "Memo"), exclusive of the caption and signature block, contains 2,351 words, and therefore complies with the 8,750 word limitation that is applicable to briefs. In determining the Memo's compliance, I relied on the word count function of the word processing system that was used to prepare the Memo.

Dated: New York, New York
May 12, 2026

*/s/ Peter J. Behmke*
Peter J. Behmke

*Attorney for Respondent*
*PIMCO Prime Real Estate LLC*