UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>TOUR DES FINANCES NV GVBF<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 1:26-mc-00213 |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF EMERGENCY *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

**BOIES SCHILLER FLEXNER LLP**

Jenny H. Kim
Michael M. Fay
Eric Yang
Virginia Su
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2300
jkim@bsfllp.com
mfay@bsfllp.com
eyang@bsfllp.com
vsu@bsfllp.com

*Attorneys for Petitioner*

Petitioner Tour des Finances NV GVBF ("Tour des Finances" or "Petitioner") respectfully submits this reply memorandum of law in further support for an order pursuant to 28 U.S.C. § 1782 ("Section 1782") granting Petitioner leave to obtain targeted discovery from Respondent PIMCO Prime Real Estate LLC ("PIMCO US" or "Respondent") for use in a litigation in the High Court of Justice in the United Kingdom (the "High Court Proceeding") brought by Petitioner against CBRE Loan Services Limited ("CBRE" or "Agent") (the "Application").[1]

## ARGUMENT

With its opposition, Respondent attaches the declaration of Zachary Gerber, a compliance officer at PIMCO US. Mr. Gerber's sole relevant complaint is that he asked the Data Protection Officer of PIMCO Prime Real Estate GmbH (PIMCO Europe) whether PIMCO Europe could produce documents responsive to Petitioner's subpoena, and that the Data Protection Officer stated that such documents could not be produced "at this time" because of concerns about the GDPR. (ECF No. 15, "Gerber Decl." ¶ 14)

However, Judge Richard Sullivan, sitting in designation, considered this very objection when he granted a Section 1782 application. *See In re Hansainvest Hanseatische Inv.-GMBH*, 364 F. Supp. 3d 243, 252 (S.D.N.Y. 2018) (Sullivan, J.). In *Hansainvest*, Judge Sullivan noted that the court should be "mindful of the Second Circuit's guidance regarding the undesirability of wholesale denials of Section 1782 applications on the basis of burdensomeness," instructing that courts should "draw upon [their] broad discretion to place limitations on that discovery and thereby mitigate any burdensomeness concerns." *Id.*[2]

---

[1] Filed herewith is the Declaration of Jenny H. Kim dated May 12, 2026 (the "Kim Decl.").

[2] Petitioner is willing to confer further with Respondent on any issues of scope or burden. Critically, Respondent's focus on GDPR issues shows that it has no adequate response to its own employee's statement that Respondent's "legal department is located in Germany" and that the

This is the only logical conclusion. If parties were allowed to rely on the GDPR to successfully oppose Section 1782 applications, no discovery would ever be allowed from European entities. Indeed, even in the Second Circuit decision cited by Respondent, *Banoka S.a.r.l v. Elliott Management Corp.*, 148 F.4th 54, 69 (2d Cir. 2025), the Second Circuit noted that "the fact that documents may be located abroad is not *per se* overly burdensome or a bar to discovery" (citing *In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2019) (finding no "categorical bar[]" to allowing discovery under Section 1782 of evidence located abroad).

Remarkably, in a Section 1782 application made to this Court in 2018, PIMCO's counsel agreed with Judge Sullivan, noting that "Section 1782 does not limit a court's power to order discovery of documents or information located abroad." *In re Application of Pacific Investment Management Company LLC and Anchorage Capital Group, LLC for an Order to Take Discovery for Use in Foreign Proceeding*, No. 18-mc-00127(ER), ECF No. 45 at 4 (S.D.N.Y.). Notably, Judge Ramos granted PIMCO's application, in part, as to Santander Investment Securities Inc. holding that the Court can compel SIS to produce documents located abroad and rejecting Santander's argument that "producing documents located abroad would be unduly burdensome and intrusive." *In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 459 (S.D.N.Y. 2018), *aff'd sub nom. In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019). Respondent should be estopped from now taking a contrary position before this Court.

---

New York office was merely a "branch location" of the company headquartered in Germany and therefore the New York office could not "accept any legal paper works." (Kim Decl. ¶ 10) This representation comports with PIMCO Prime Real Estate's website, which lists the locations of all the PIMCO Prime Real Estate branches. (Kim Decl. Ex. A) One of those branches is located at 1633 Broadway, New York, NY. As held by courts in this District, "New York branches are not subsidiaries of a foreign parent company, but rather are branches of the same corporate entities . . . [and] 'there is a presumption that a corporation is in the possession and control of its own books and records[.]'" *Wultz v. Bank of China Ltd.*, 910 F. Supp. 2d 548, 559 (S.D.N.Y. 2012); *see also Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 149-50 (S.D.N.Y. 2011).

Indeed, the very fact that Mr. Gerber believed he could ask PIMCO Europe for production of documents responsive to Petitioner's subpoena, and that the Data Protection Officer's primary response was that production would be difficult because of the GDPR, supports the fact that PIMCO US can demand and obtain the necessary documents from PIMCO Europe. This is sufficient to establish custody and control as held by courts in this District. *Hunter Douglas, Inc. v. Comfortex Corp*., 1999 WL 14007, at *3 (S.D.N.Y. Jan. 11, 1999) ("[t]he test to determine whether a corporation has custody and control over documents located with an overseas affiliate is not limited to whether the corporation has a legal right to those documents . . . [r]ather, the test focuses on whether the corporation has 'access to the documents' and 'ability to obtain the documents'"); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("The test for the production of documents is control, not location" and the "concept of 'control' has been construed broadly" . . . [d]ocuments may be within the control of a party even if they are located abroad").

Respondent also complains that it cannot comply with the subpoena in seven days. Petitioner is willing to confer with Respondent on a workable response deadline. However, Petitioner advises Respondent and this Court that the English High Court has indicated that the parties should prepare for a potentially expedited trial, starting as soon as July 20, 2026, and no later than August 3, 2026. (Kim Decl. ¶ 6) Even if trial in the High Court Proceeding commences on August 3, 2026, Petitioner has been advised by English counsel that discovery in the High Court Proceeding must be substantially complete by June 5, 2026. (Kim Decl. ¶ 7) Thus, an expedited response to Petitioner's subpoena is required in order to allow Petitioner to review and submit all relevant evidence in the High Court Proceeding by June 5, 2026.

## CONCLUSION

Petitioner respectfully requests that the Court grant its Application.

DATED: May 12, 2026

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

*/s/ Jenny H. Kim*

Jenny H. Kim
Michael M. Fay
Eric Yang
Virginia Su
55 Hudson Yards
New York, New York 10001
Tel: (212) 446-2300
MFay@bsfllp.com
JKim@bsfllp.com
eyang@bsfllp.com
vsu@bsfllp.com

*Attorneys for Petitioner*