UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re *Ex Parte* Application of

TOUR DES FINANCES NV GVBF,

                                  Petitioner,

For an Order Pursuant to 28 U.S.C. § 1782 to
Conduct Discovery for Use in a Foreign
Proceeding.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/2026

26 Misc. 213

**ORDER**

ANALISA TORRES, District Judge:

Before the Court is Petitioner, Tour des Finances NV GVBF's ("TDF"), renewed petition for an order permitting TDF to obtain discovery under 28 U.S.C. § 1782. *See* Mot., ECF No. 23. Petitioner requests permission to serve a subpoena on Respondent, PIMCO Prime Real Estate LLC ("PIMCO US"), seeking documents from three custodians employed by PIMCO Prime Real Estate GmbH ("PIMCO Europe")—a corporate affiliate of PIMCO US, but an otherwise distinct business entity. *See* Mot. ¶¶ 2–3; Subpoena at 2, 6–7, ECF No. 27-1; Opp. at 1–2, 8, ECF No. 32. For the reasons stated below, the Court DENIES the renewed petition.

**BACKGROUND**

The Court assumes familiarity with the facts underlying this action. *See* May 12 Hr'g Tr., ECF No. 27-2; *see also* First Mem., ECF No. 5; First Opp., ECF No. 16. In a hearing held on May 12, 2026, the Honorable Denise L. Cote denied TDF's § 1782 petition filed on May 7, 2026. *See id.* at 14:1–3. In so doing, Judge Cote found that the vast majority of legal issues raised by a § 1782 petition were not in dispute and that the only contested issues were "whether the request [for discovery] is unduly intrusive or burdensome" and the "related" or "background issue" of "whether the respondent has control over the documents." *Id.* at 11:4–11; *see generally id.* at 9:20–12:4.

Judge Cote held that, on a § 1782 petition, a Court may issue a subpoena requiring a party "to produce documents that are in its possession, custody, or control," which includes documents that the party has "the practical ability" or "legal right to obtain," *id.* at 11:19–12:4, and held that TDF had

not shown in this case that PIMCO US had "possession, custody, or control" of the documents TDF is seeking, *see id.* at 12:5–13:11 (identifying control as a distinct issue from the issue of "whether, in an exercise of my discretion, I should require [] production"); *see also id.* at 11:23–12:4 ("I don't believe the petitioner has cited to me a case in which one corporate affiliate in America has been required under . . . the Federal Rules of Civil Procedure, Rule 34 and Rule 45, to produce the documents of a foreign affiliate when both affiliates are separately incorporated or that such control has been found within the context of the 1782 petition.").

Judge Cote allowed TDF to renew its application, stating that if TDF could reduce the burden imposed by its proposed subpoena, and "if [TDF can identify] some legal authority . . . and an analysis of whether an American affiliate has control over a foreign affiliate's documents for production," then Judge Cote would consider a renewed request. *See id.* at 15:20–16:7. The Court now considers TDF's renewed request.

## LEGAL STANDARD

District courts apply a two-step framework to analyze § 1782 petitions, focusing first on whether a petition meets § 1782's three statutory requirements, and second on whether, weighing the four factors identified by the Supreme Court in *Intel Corp. v. Adv. Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004), the court should exercise its discretion to grant, deny, or modify the application. *See In re SBK ART LLC ("SBK")*, 168 F.4th 68, 77–78 (2d Cir. 2026); *see also Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 147 (2d Cir. 2022) ("We review the [d]istrict [c]ourt's application of the . . . *Intel* factors and its decision to order discovery for abuse of discretion." (citation omitted)). In this case, the parties agree that the statutory requirements are met, and the only *Intel* factor at issue is whether TDF's subpoena is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265; Hr'g Tr. at 10:12–11:5.

Courts in this district, however, have also held that because 28 U.S.C. § 1782(a) provides that any document "produced" under its authority shall be produced "in accordance with the Federal Rules of Civil Procedure," even if discovery is authorized under § 1782, a party may ultimately only be required to produce documents that are in its "possession, custody, or control," *In re Liverpool Ltd. Partnership*, No. 21 Misc. 392, 2021 WL 5605044, at *2 (S.D.N.Y. Nov. 24, 2021); *see* Fed. R. Civ. P. 34(a)(1), 45(a)(1)(iii). This does not require that the subpoenaed party "actually possess" the material sought, but only that the party has "a practical ability" or "legal right to obtain" the material. *In re Liverpool*, 2021 WL 5605044, at *2 (quoting *In re Application of CBRE Global Investors (NL) B.V.*, No. 20 Misc. 315, 2021 WL 2894721, at *3 (S.D.N.Y. July 9, 2021)).

Courts have also held that it is a petitioner's burden to prove possession, custody, or control. *See id.* at *2; *In re Boustany*, No. 21 Misc. 203, 2024 WL 473569, at *2 (S.D.N.Y. Feb. 7, 2024) ("The party seeking discovery has the burden of showing that the other party has control over the material sought and, if they fail to do so, the court's § 1782 analysis need go no further.") (collecting cases); *In re Application of CBRE*, 2021 WL 2894721 at *3, *6; *In re Mun*, No. 22 Misc. 163, 2022 WL 17718815, at *2 (S.D.N.Y. Dec. 15, 2022); *In re FourWorld Event Opportunities Fund, L.P.*, No. 22 Misc. 330, 2023 WL 3375140, at *1 (S.D.N.Y. May 11, 2023).

## DISCUSSION

The Court denies TDF's application because it has not met its burden of showing that PIMCO US has possession, custody, or control over the documents that TDF seeks. Its renewed request seeks documents and communications "involving Bruno Dord, Julia Marciano and Debora Sobel" "regarding the [disputed valuation at issue in the foreign proceeding]" or "concerning PIMCO Europe's participation" in a foreign transaction. *See* Subpoena at 6–7. These individuals are all employed by PIMCO Europe and "do not work with the investment teams that work for [PIMCO US]," the Respondent here. Second Supp. Gerber Decl. ¶ 6, ECF No. 34. Furthermore, "no

3

employee of [PIMCO US] has access to any of [these individuals'] email mailboxes or business records," which are all stored on servers located in the European Union. *Id.* ¶ 7. Last, "to the best of [Gerber's (PIMCO US's compliance director)] knowledge, no officer or employee of [PIMCO US] has the authority to direct [PIMCO Europe] to share any of its information with [PIMCO US]." *Id.* ¶ 9. This new, more robust evidence[1] leads the Court to conclude that PIMCO US does not exercise control over the documents, which are largely emails and business records, that TDF seeks from PIMCO Europe.

TDF does not claim that it has shown that PIMCO US has control over PIMCO Europe's documents under the relevant caselaw but instead argues that it is neither a requirement nor TDF's burden to establish PIMCO US's "possession, custody, or control" of the documents it seeks. *See* Reply at 3, ECF No. 36 ("[U]nder Second Circuit law, 'control' cannot be considered as a mandatory, initial burden to be satisfied by the Petitioner."). TDF relies on *SBK* and *Banoka*, two recent Second Circuit cases, to argue that a district court's evaluation of whether a respondent has "possession, custody, or control" of documents is relevant, "if at all," only to the fourth *Intel* factor—undue burden. *See, e.g.*, *id.* at 3–4; *see also SBK*, 168 F.4th 68; *Banoka S.a.r.l. v. Elliott Management Corp.*, 148 F.4th 54, 70 (2d Cir. 2025).

TDF misreads *SBK* and *Banoka*. In *SBK*, the petitioner sought documents from Akin Gump Strauss Hauer & Felt LLP ("Akin Gump"), a multinational law firm. 168 F.4th at 79–80. The Second Circuit held that a district court may grant a § 1782 application seeking documents held by a U.S. law firm even when those documents are not discoverable from the firm's client abroad. *See SBK*, 168 F.4th at 80–84 ("[A] district court is not precluded from issuing an order under [§] 1782 for

---

[1] The record has been further developed since Judge Cote left open the question of control at the May 12, 2026 hearing. At that time, the Court had only received one declaration from Gerber, which stated that the PIMCO Europe documents were stored on separate servers and that PIMCO US "personnel are not granted unrestricted access" to those documents. *See* Gerber Decl. I ¶ 13, ECF No. 15; *see also* Hr'g Tr. at 17:11–18:6 (TDF's counsel's argument that not being "granted unrestricted access" could imply some other level of access sufficient to find control).

discovery from a law firm seeking materials connected with its representation of a foreign client *solely* because the materials sought are undiscoverable from the client abroad." (emphasis in original)); *see also Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238 (2d Cir. 2018). In *SBK*, there appears to have been no dispute as to whether Akin Gump had access to those documents, and *SBK* does not do away with the requirement that the documents be in the target's possession or control. *See SBK*, 168 F.4th at 72–75.

Rather, *SBK* suggests that the possession, custody, or control rule found in Rules 34 and 45 would apply to this case, as it notes that normal discovery rules "apply" once a district court has determined that the statutory prerequisites in § 1782 have been met. *See SBK*, 168 F.4th at 78; *id.* at 79 (stating that Rule 45's limitation on a district court's subpoena power applies to a request to depose a respondent under § 1782).

*Banoka* held that a district court did not abuse its discretion when it denied a § 1782 application on the bases that the parties had included a forum-selection clause in a prior agreement (relevant to the third *Intel* factor) and that the request was unduly burdensome because it sought documents from a foreign affiliate (the fourth factor). *See* 148 F.4th at 59. Although TDF cites *Banoka*'s statement that a district court "abuses its discretion when it imposes strict requirements related to [the *Intel* factors] that go beyond limitations found directly within the statute," *id.* at 65, the "possession, custody, or control" requirement comes directly from § 1782's text, which incorporates by reference the Federal Rules of Civil Procedure, and the Court ultimately must consider these rules when deciding whether to order discovery. *See Liverpool*, 2021 WL 5605044, at *2; *see also SBK*, 168 F.4th at 79 ("Section 1782 expressly provides that the Federal Rules govern the procedures for discovery.").

Moreover, TDF has failed to provide the Court with an example of a case with analogous facts where a court has ordered discovery, either under § 1782 or the Federal Rules of Civil Procedure.

Hr'g Tr. at 15:20–16:7.   Instead, the renewed application largely argues that the second request does not impose an undue burden on PIMCO US and otherwise relies on case law that Judge Cote already reviewed or that this Court finds unpersuasive for the reasons articulated above.  *See, e.g.*, Mem. at 2–4, ECF No. 24 (discussing a case raised during the May 12 hearing, and then discussing *SBK*); Opp. at 10–11 (noting that TDF's listed cases do not discuss the control issue).

In sum, the Court finds that PIMCO US does not exercise control over the documents TDF seeks.  And despite being offered the opportunity to provide the Court with "some legal authority" where "an American affiliate" has been found to exercise control "over a foreign affiliate's documents for production under the Federal Rules of Civil Procedure," TDF has failed to do so.  *See* Hr'g Tr. at 15:20–16:7.  The Court denies the application because TDF has not met its burden to show that PIMCO US exercises possession, custody, or control over the requested documents.[2]  *See* Opp. at 8–11 (discussing lack of evidence of control).

### CONCLUSION

For the reasons stated above, TDF's renewed application is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF Nos. 23.

The Clerk of Court is also respectfully directed to terminate the motion at ECF No. 29 as granted given the Court's order at ECF No. 31.

SO ORDERED.

Dated: June 15, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] The Court also denies TDF's request, in the alternative, for a Rule 30(b)(6) deposition of PIMCO US's counsel, Zachary Gerber, on two bases.  *See* Mem. at 16; Reply at 9–10.  First, TDF has not shown that the requested discovery, which would be utilized solely to determine the extent of PIMCO US's potential access to PIMCO Europe documents, is in fact "for use" in a foreign proceeding, a requirement for § 1782 discovery.  *See Certain Funds, Accounts, and/or Investment Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 120–21 (2d Cir. 2015).  Second, TDF's request for a Rule 30(b)(6) deposition rests on little more than speculation concerning what Gerber may be able to establish as a corporate deponent, *see* Mem. at 16; Reply at 9–10.  In light of this, the Court finds that the deposition request would be unduly burdensome under the fourth *Intel* factor.  *See* Opp. at 15.